VALIENTE & CÍA., Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, Respondent, and FRANCISCA OQUENDO ET AL., Interveners.

No. 1705.   Argued December 10, 1947.—Decided March 31, 1948.

*Edelmiro Martínez* and *Luis Blanco Lugo*. for petitioner. *Bauzá & Bauzá* for interveners, complainants in the main proceeding.

Mr. Justice Marrero delivered the opinion of the Court.

On January 15, 1948, we granted the petitioner Valiente & Cía., a term of 30 days to send up to this Court the transcript of all the oral and documentary evidence introduced in the lower court, duly approved by the latter. *Ante*, p. 36. Said transcript has already been sent up and the proceeding has been finally submitted to us for decision on the merits.

As we indicated in our former opinion, two questions are raised by the petitioner, to wit:

(1) The lower court erred in not holding that plaintiffs' claims had partially prescribed, and (2) in not dismissing for insufficiency the claims of certain workwomen who, although married, did not appear represented or assisted by their husbands.

We shall first decide the second question raised, since if it is sustained, it will not be necessary to consider the first point as to those persons whose claims should be dismissed by reason of the second error charged.

In accordance with the Civil Code "to the conjugal partnership belong: . . . (2) that [property] obtained by the industry, salaries, or work of the spouses or of either of them,"[1] and "the husband is the legal representative of the conjugal community."[2] On innumerable occasions this Court

has held that it is incumbent on the husband to appear in actions pertaining to the conjugal partnership, and that a complaint filed by the wife alone is insufficient, where the thing claimed belongs to the conjugal partnership and not to her separate estate. *Segarra* v. *Vivaldi,* 59 P.R.R. 797, 802; *Flit* v. *White Star Bus Line Inc.,* 50 P.R.R. 95; and 49 P.R.R. 139, 140; *Capó* v. *Piñeiro,* 33 P.R.R. 832, 838; and *Vázquez* v. *Valdés, et al.,* 28 P.R.R. 431, 436. See also § 54 of the Code of Civil Procedure.

According to the transcript of the evidence which we have before us, the following claimants were married women on June 4, 1943, the date on which the complaint was filed in the Municipal Court of Toa Alta: *Francisca Oquendo, Mariana Alvarez, Ramona Ortiz, Natividad Nieves,* and *Inés Alicea.* Since the wages claimed by these plaintiffs were community property, the corresponding claims should have been enforced by the husbands and not by the wives. In view of the form in which the complaint herein has been filed, the same does not state a cause of action in favor of these claimants and it should be dismissed as to them.

█ Although at the time the trial was held in the District Court of Bayamón, the claimant Ernestina Nieves was married, the record clearly shows that she contracted marriage on July 25, 1943, that is, almost two months after her action

---

[1] "Section 1301.—To the conjugal partnership belong: 1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

2. That obtained by the industry, salaries, or work of the spouses or of either of them.

3. The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses."

[2] "Section 91.—The husband shall be the administrator of the conjugal property, except when stipulated otherwise.

.  .  .  .  ."

"Section 1312.—The husband is the administrator of the conjugal partnership, with the exception of what is prescribed in section 91, chapter III, Title IV, Book first, of this Code."

had been brought. Since she was single at the time her action was instituted, there is no doubt that she could sue in her own name.

■ Turning now to the first question raised by the petitioner, we will accept as correct the findings of fact made by the lower court as to the time during which each of the remaining claimants worked for the petitioner, and also as to the periods covered by the cessation of their work in each case. We state this because, in proceedings of this kind, this Court shall not review the findings of fact of the respondent court, unless there is no evidence in the record to support such findings and it appears, therefore, that an error of law has been committed. In the present case such evidence exists. *Muñoz* v. *District Court,* 63 P.R.R. 226.

■■ Construing the applicable law, we decided in *Jiménez* v. *District Court,* 65 P.R.R. 35, 38, that "when a plaintiff leaves his employment in a year-round industry for months or years and no explanation thereof is vouch-safed, he ceases at that time to render services to his employer within the meaning of § 1867." [3] (In this case the lower court held that petitioner's industry was a year-round industry.) We also decided in *Muñoz* v. *District Court, supra,* that "The 3-year limitation period . . . begins to run from the time when the laborers ceased to render said services, and not from the time set for the payment of their wages." Hence, let us examine the interruptions which occurred in the work of each of the plaintiffs, in order to determine whether the claims are wholly or partially barred, account being taken of the fact that, as we have already stated, the complaint was filed on June 4, 1943.

---

[3] "Section 1867.—Actions for the fulfilment of the following obligations shall prescribe in three years:

1. .       .         .         .         .         .         .
2. .       .         .         .         .         .         .
3. For the payment of mechanics, servants, and laborers, the amount due for their services, and for the supplies or disbursements they may have incurred with regard to the same.
4. .       .         .         .         .         .       ."

*Francisca Alicea, Ignacia (Tití) Rosado, Rafael Tirado, Severiano Osorio, Ricardo Oquendo, Jesús Rivera Rivera, Gabriela Alicea, Romana Meléndez, Angel Feliciano, Ana María Nieves, Miguel Alicea,* and *Lolín Nieves* interrupted their work for the petitioner on January 5, 1940, and did not resume it until July 19, 1941, July 27, 1940, July 15, 1941, August 5, 1940, October 13, 1941, July 27, 1940, July 26, 1940, August 3, 1940, July 27, 1940, August 6, 1940, August 16, 1940, and August 6, 1940, respectively. Such interruptions in the work of these claimants appear unexplained in the record, and that being so, every claim made by them in regard to any work performed prior to January 5, 1940, is barred, pursuant to the above-cited decisions.

*José Meléndez* worked for the petitioners up to December 8, 1939, and did not resume his work until July 26, 1940. Such an interruption appears unexplained in the record. Consequently, any claim of this workman prior to December 8, 1939, is barred.

*Ernestina Nieves* interrupted her work for the petitioner from December 30, 1939, to July 26, 1940. The record does not contain any explanation for this interruption. Hence, any claim of this workwoman prior to December 30, 1939, is barred.

*Eladio Alicea* interrupted his work for the petitioner from November 24, 1939, to July 26, 1940. There is no explanation for this interruption. Consequently, any claim of this workman prior to November 24, 1939, is barred.

*José Pacheco* interrupted his work for the petitioner from December 8, 1939, to July 26, 1940. There is no explanation for this interruption. Therefore, any claim of this workman prior to December 8, 1939, is barred.

*Fermín Rojas* ceased to work for the petitioner from December 17, 1939, to July 27, 1940. There is no explanation for this interruption. Hence, any claim of this claimant prior to December 17, 1939, is barred.

The judgment of the District Court of Bayamón will be modified to declare, as it is hereby declared, that the complaint does not state a cause of action in favor of *Francisca Oquendo, Mariana Alvarez, Ramona Ortiz, Natividad Nieves,* and *Inés Alicea,* and that the claims of the remaining plaintiffs prescribed on the dates above indicated.